

A Limited Liability Company
Organized and formed under the laws of Pennsylvania

William F. Stewart
Direct Dial: (484) 344-5296
wstewart@sbrslaw.com

March 31, 2017

Honorable John Michael Vazquez, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Colony Insurance Company v. Construction Pros of New Jersey, et al.*
             Case No. 2:16-cv-05878-JMV-JBC

Dear Judge Vazquez:

Plaintiff Colony Insurance Company hereby submits this correspondence in accordance with Your Honor's March 22, 2017 text order (Dkt. 15) and in further support of Colony's Motion for Entry of Default Judgment against Defendant Galo Gomez and Memorandum of Law in Support thereof, incorporated herein by reference. (Dkt. 12-13).

**A.**  **Background**

Colony commenced this action seeking: (1) rescission of Commercial General Liability Policy number GL4062536 issued to Defendant Construction Pros of New Jersey, LLC ("CPNJ") based upon material misrepresentations (Count I); (2) compensatory damages under the New Jersey Insurance Fraud Prevention Act (Count II); and (3) as an alternative to rescission, a declaration that coverage is precluded under the Colony Policy for the Gomez claim and underlying tort action. (Count III). On March 22, 2017, Your Honor ordered the entry of Stipulated Judgment as to CPNJ, granting judgment in favor of Colony on Count I, *inter alia*, declaring the Colony Policy rescinded and void *ab initio*. (Dkt. 16). Consistent with that Judgment, Colony seeks

470 Norristown Rd., Suite 201
Blue Bell, PA 19422
484.344.5340
Fax 484.344.5341

100 Overlook Center, 2nd Floor
Princeton, NJ 08540
609.375.2070
eFax 888.761.8299

Time & Life Building
1271 Avenue of the Americas
Suite 4300
New York, NY 10020
212.858.9970 • Fax: 212.858.9971

www.sbrslaw.com

default judgment against Defendant Gomez on Count I and, alternatively, Count III of the Complaint, and voluntarily dismisses Count II, without prejudice.

### B. Colony Adequately Stated Claims on its First and Third Causes of Action

The allegations pled in Colony's Complaint, taken as true for purposes of an entry of default judgment, establish that a default judgment of rescission (or alternatively, a declaration that coverage is unavailable) is appropriate. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. CV 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)) ("the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.") (emphasis added).

#### 1. Rescission of the Colony Policy

Under New Jersey law, an insured's misrepresentation of a fact (in the application for insurance or the policy itself) that is "material to the particular risk assumed by the insurer, and reasonably relied upon by the insurer in issuing the policy," will result in a "forfeiture of the insured's rights under the policy." *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 135-137 (2003). The right to rescission for equitable fraud, arises where a plaintiff demonstrates: (1) a material misrepresentation of a presently existing or past fact; (2) the maker's intent that the other party rely on it; and (3) detrimental reliance by the other party". *Id. See also TIG Ins. Co. v. Privilege Care Mktg., Inc.*, No. CIV.A. 03-03747 JBS, 2005 WL 994581, at *6 (D.N.J. Apr. 27, 2005). "A misrepresentation is "material" if it "'naturally and reasonably influenced the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium.'" *Guilford v. First Am. Title Ins. Co.*, No. A-2445-10T4, 2012 WL 3030250, at *4 (N.J. Super. Ct. App. Div. July 26, 2012) (citing *Ledley v. William Penn Life Ins.*

*Co.*, 138 N.J. 627, 638, 651 A.2d 92, 97 (1995)).

As pled with particularity in Colony's Complaint, CPNJ misrepresented facts in its insurance application, that were material to the risk assumed by Colony, with the intent that Colony would rely on that information, and upon which Colony did so reasonably relied to its detriment in evaluating the risk, issuing the policy, and fixing the policy premium. (Dkt. 1 at ¶¶ 11–16, 29-63). Specifically, the May 20, 2013 application included the following material misrepresentations:

- CPNJ performs only "remodeling" or "home improvement" work within the State of New Jersey, its operations consist of 80% residential remodeling work and 20% commercial remodeling work, with its "largest job(s)" being "Kitchen" remodeling.
- CPNJ does not perform and/or have any involvement in:
  - Roofing work;
  - Structural or Framing work;
  - Drawing plans, designs, or specifications;
  - Work on structures above 3 stories;
  - New construction;
  - Condominium or industrial work;
  - Residential, commercial, and/or industrial ground up construction;
  - Construction of new residential properties, *i.e.*, condo developments, apartments, or townhomes in the past 10 years, nor would it in the future; and
  - Construction of home/room additions.

(Dkt. 1-2 at A-1 – A-3, A-5). Colony reasonably relied, to its detriment, upon that information provided by CPNJ in its application, in issuing the Colony Policy as demonstrated by the Policy's limited coverage for remodeling operations only.

CPNJ failed to disclose the vast nature, extent, and scope of its business operations including its completion of hundreds of new and ground-up construction projects in the last ten years across three different States. By way of example only, CPNJ's archived and present internet

sites and social media pages describe itself and its true operations, prior to and at the time the application was submitted, and/or during the Colony Policy period as follows:

- Construction Pros of New Jersey:
  - "Started as a major framing company for large scale developers doing townhome and condo complexes as well as commercial malls." (Exhibit A at pp. 20, 31);
  - "During the residential home building boom in the early 2000's, CPNJ evolved by adding complete home building services to our portfolio." (*Id*.).
  - "For [23/25] years, CPNJ has completed hundreds of construction projects in New Jersey, New York, and Pennsylvania." (*Id*. at pp. 3, 18, 33); and
  - "Specialize[s] in steel and metal super structures." (*Id*. at pp. 4, 19).

- CPNJ's operations include:
  - Structural and framing work, including, designing, fabricating, and erecting load bearing elements (*Id*. at pp. 1, 5-6, 15-17, 22, 33, 41);
  - Construction of new residential and commercial properties, including, condo developments, apartments, and townhomes (*Id*. at pp. 1, 6-17, 21, 25-30);
  - Work on structures exceeding 3 stories (*Id*. at pp. 6-7, 15-17);
  - Construction of residential home/room additions (*Id*. at pp. 1-2, 5, 10, 12-14);
  - Roofing work (*Id*. at pp. 1-2, 5-6, 15-17, 33, 37-39); and
  - Drawing plans, designs, and specifications (*Id*.).

Had CPNJ provided truthful, accurate, and complete information with regard to the remarkably broader risk it was seeking to insure than what was disclosed in the application (and which requires a significantly higher premium rate), Colony would not have issued the subject Policy.

2. **Declaratory Judgment**

Colony is entitled to default judgment against Gomez as a matter of law. Coverage is precluded by the clear and unambiguous language of the Policy's Limitation of Coverage to Business Description Endorsement, which limits coverage to claims caused by or resulting from CPNJ's business as "remodelers (excluding roofing)". New Jersey law "cannot emphasize too strongly that when an insurance policy "is clear and unambiguous ... the court is bound to enforce the policy as it is written." *Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 271 N.J. Super. 409, 416, 638 A.2d 924, 927 (App. Div. 1994). Because Gomez seeks to impose liability in connection with

Hon. John Michael Vazquez, U.S.D.J.
March 31, 2017
Page 5

_____

CPNJ's involvement in "the new construction of an apartment building," coverage is not available under the Colony Policy.

### C. Default Judgment Rendering Equitable Relief is Appropriate

As addressed in detail in Colony's Motion and supporting Memorandum (Dkt. 12-13), default judgment against Gomez is appropriate in the absence of a responsive pleading, based upon the allegations and evidence, and is consistent with the March 22, 2017 Stipulated Judgment rescinding the Colony Policy. Defendant Gomez lacks a meritorious defense to the rescission claim, as well as the clear and unambiguous language of the Colony Policy precluding coverage for CPNJ in Gomez's underlying tort action. Moreover, Gomez acted culpably in failing to respond to the Complaint after receipt of service and has indicated through counsel that he has no intention of responding to the action or contesting default judgment. Absent the entry of default judgment, Colony will be prejudiced as it has no other means of obtaining relief, and would be exposed to a subsequent lawsuit and/or attempts to assert a direct claim under the rescinded policy should Gomez prevail against CPNJ in the underlying tort action.

Accordingly, Colony seeks an order entering default judgment, including only equitable relief, against Gomez declaring: (1) the Colony Policy rescinded and *void ab initio* (consistent with its March 22, 2017 Order), and (2) that even if the Colony Policy is not rescinded *ab initio*, the Policy's Limitation of Coverage to Business Description Endorsement precludes coverage for the Gomez claim and/or the underlying tort action.

    Respectfully submitted,

    **STEWART BERNSTIEL REBAR & SMITH**

    By:  William F. Stewart