NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COLONY INSURANCE COMPANY,

    *Plaintiff,*

v.

CONSTRUCTION PROS OF NEW JERSEY, LLC and GALO GOMEZ,

    *Defendants.*

Civil Action No. 16-5878

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Colony Insurance Company's unopposed motion for default judgment under Fed. R. Civ. P. 55(b) against Defendant Galo Gomez. D.E. 12. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## II. FACTS[1] AND PROCEDURAL HISTORY

Plaintiff is an insurance provider who issued a commercial general liability policy to Defendant Construction Pros of New Jersey, LLC ("CPNJ") for the period beginning May 20,

---

[1] The facts of this matter derive from the Complaint, which the Court accepts as true for purposes of this motion for default judgment. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011).

2013 through May 20, 2014 (the "Policy"). Compl. ¶ 15. On July 1, 2013, Defendant Gomez was injured on a jobsite and filed suit in the Superior Court of New Jersey naming CPNJ as one of the defendants (the "Gomez Matter"). *Id.* ¶¶ 24-25. On June 15, 2016, Plaintiff agreed to provide a defense to CPNJ in the Gomez Matter under a complete reservation of rights. *Id.* ¶ 27. Plaintiff also requested additional information from CPNJ to evaluate the availability of coverage to CPNJ under the Policy. *Id.* Plaintiff alleges that despite repeated follow-up efforts, CPNJ failed to respond to Plaintiff's requests. *Id.* ¶ 28.

Plaintiff filed a three-count complaint against CPNJ and Gomez alleging (1) rescission of the Policy due to CPNJ's alleged misrepresentation in obtaining the Policy, (2) violation of the New Jersey Insurance Fraud Prevention Act, and (3) a declaratory judgment that Plaintiff is not required to provide coverage to CPNJ in the event the Policy is not fully rescinded. Plaintiff alleges that it is not required to defend and indemnify CPNJ because the Policy is limited to covering "bodily injury" caused by "CPNJ's business as remodelers (excluding roofing)," but that Gomez was injured "while performing carpentry/framing work . . . in connection with 'the new construction of an apartment building.'" Compl. ¶¶ 72-74.

On March 22, 2017, pursuant to a stipulation between Plaintiff and CPNJ, the Court ordered that (1) the Policy is rescinded, (2) Plaintiff will refund the full premium amount to CPNJ, (3) all other claims in the Complaint are dismissed as to CPNJ, (4) there is no admission of liability and each party will bear its own costs, and (5) the matter is dismissed as to CPNJ. D.E. 16. The Court ordered Plaintiff to submit a letter specifying as to which causes of action it is seeking default judgment concerning Gomez, why it has adequately stated a claim for those causes of action, and proof of damages or other relief sought against Gomez. D.E. 15. Plaintiff filed a timely response to the Court's order. D.E. 17.

## III. LAW AND ANALYSIS

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

Here, Plaintiff seeks (1) to rescind the Policy and have it declared void *ab initio* as to Gomez, or in the alternative, (2) obtain a declaratory judgment that Gomez may not compel

Plaintiff to provide coverage to CPNJ in the underlying Gomez Matter.[2] The Court finds that Plaintiff does not state a valid cause of action to rescind the Policy as to Gomez, however, Plaintiff states a claim for a declaratory judgment against Gomez.[3]

In regard to rescinding the Policy, the Complaint does not state a claim because Plaintiff is asking the Court to void Gomez's rights under the Policy when Gomez is not, and never was, a party to the Policy. As a non-party to the Policy who is not in privity with Plaintiff or CPNJ, Plaintiff may not obtain a judgment rescinding the Policy as to Gomez. *See Vilorio v. Lines*, No. A-2866-14T1, 2016 WL 3961624, at *3 (N.J. Super. Ct. App. Div. July 25, 2016) ("The obligation of contracts is, in general, limited to the parties making them." (quoting *Aronsohn v. Mandara*, 98 N.J. 92, 101 (1984))). Therefore, Plaintiff does not state a claim in Count One.

As to Count Three, Plaintiff plausibly states a claim for a declaratory judgment against Gomez. In order to grant declaratory relief, there must be "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 504 (D.N.J. 2009) (internal quotation marks omitted). In order for there to be a "substantial controversy" between two parties, there must be a "case or controversy" as the phrase is used in determining standing under Article Three of the Federal Constitution. *St. Thomas--St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000) ("A

---

[2] Plaintiff does not seek a default judgment against Gomez on Count Two, which is brought pursuant to the New Jersey Insurance Fraud Prevention Act.

[3] The Court has diversity jurisdiction over this matter because the Plaintiff and Defendants are residents of different states and Plaintiff seeks a declaratory judgment for an amount that is valued above that of the statutory threshold. Compl. ¶ 15; *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). The Court has personal jurisdiction over Gomez because he is domiciled in New Jersey. *Id.* ¶ 8. Additionally, Gomez was properly served. D.E. 5.

declaratory judgment . . . can issue only when the constitutional standing requirements of a 'case' or 'controversy' are met."). Therefore, the issue here is whether a case or controversy exists between Gomez and Plaintiff when Gomez has sued CPNJ in state court and may potentially seek to compel Plaintiff to provide coverage to CPNJ for Gomez's injuries.

In *Great American E & S Insurance Company. v. John P. Cawley, Ltd.*, the Eastern District of Pennsylvania addressed an issue with nearly the same procedural posture as the current matter. 866 F. Supp. 2d 437 (E.D. Pa. 2011), *judgment entered sub nom. Great Am. E&S Ins. Co. v. Cawley*, No. 10-4853, 2011 WL 2174975 (E.D. Pa. June 3, 2011). In that case, two individuals were injured in a bar fight and brought suit in state court against the bar and the bar's owners. *Id.* at 438. The bar's insurer, Great American Insurance Company, filed suit in federal court seeking a declaratory judgment that it was not required to provide coverage to the bar in the underlying lawsuit due to an exclusion in the insurance policy. *Id.* Great American also sought a declaratory judgment against the individuals so that they could not compel Great American to provide the bar coverage. *Id.* Great American filed a motion for summary judgment against the bar and a motion for default judgment against the non-appearing individuals. *Id.* The *Great American* court granted both motions. *Id.* at 441-42. In granting the motion for default judgment against the Individuals, the court reasoned that "Great American's interest in clarity and finality would be substantially undermined if the Court's ruling [that Great American did not have to provide coverage to the bar] could not be applied to [the individuals], who might attempt to relitigate the issue against Great American in the future." *Id.* at 441.

The Third Circuit has also provided guidance on the issue. In *Federal Kemper Insurance Company v. Rauscher*, two passengers were injured in an automobile accident. 807 F.2d 345, 347 (3d Cir. 1986). The passengers brought suit in state court against the vehicle's driver. *Id.* The

driver's insurance company, Kemper, filed suit in federal court against the driver and the injured passengers seeking a declaratory judgment that it was not required to provide a defense or indemnify the driver in the underlying state court action. *Id.* at 348. The driver failed to answer the complaint and a default judgment was entered against him. *Id.* As to the passengers, the district court concluded that the passengers' rights were "purely derivative" of the driver's rights, and therefore, there was no case or controversy between the passengers and the insurer. *Id.* The Third Circuit reversed holding that "a case or controversy" existed between the insurer and the injured passengers, which provided standing to the passengers "to defend the declaratory judgment action despite the absence . . . of the actual insured." *Id.* at 353. Thus, even when a judgment of non-coverage is entered against an insured, there is still a case or controversy between the insurer and an injured third-party. In other words, the insurer may pursue a declaratory judgment against the injured party. *See Bituminous Cas. Corp. v. John W. Gleim, Jr., Inc.*, No. 07-2287, 2008 WL 2682316, at *2 (M.D. Pa. July 1, 2008) ("The United States Supreme Court and the United States Court of Appeals for the Third Circuit have held that a case or controversy may exist between an insurance company and the injured party in a declaratory judgment action brought by the insurance company against the insured party." (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) and *Rauscher*, 807 F.2d at 352)).

Here, Plaintiff plausibly states a claim for a declaratory judgment against Gomez. Gomez, as the injured party, has standing to compel Plaintiff to provide coverage to CPNJ. Plaintiff pleads that it is not required to provide coverage to CPNJ because CPNJ misrepresented the nature of its business when obtaining the Policy from Plaintiff. Accordingly, there exists a case or controversy between Plaintiff and Gomez that is ripe for adjudication.

Additionally, the three factors a court must consider when deciding whether to enter a default judgment weigh in favor of Plaintiff. First, Plaintiff will be prejudiced if it does not obtain a default judgment. Plaintiff has an interest in clarity and finality in knowing whether it must provide coverage to CPNJ. Plaintiff should not be required to relitigate this issue in a future matter simply because Gomez did not make an appearance here. Second, because Gomez has not responded in this matter, he "has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. The Complaint references the portion of the Policy, which states that the Policy covers certain injuries caused by "CPNJ's business as remodelers," but that Gomez was injured performing "carpentry/framing work . . . in connection with 'the *new construction* of an apartment building.'" Compl. ¶¶ 73-74 (emphasis added). Lastly, Gomez's failure to answer, without providing any reasonable explanation, demonstrates his culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted as to Count Three.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's motion for default judgment is denied as to Count One and granted as to Count Three. An appropriate Order accompanies this Opinion.

Dated: June 20, 2017

John Michael Vazquez, U.S.D.J.